**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Guernsey, | No. CV-21-00848-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Elko Wire Rope Incorporated, et al., | |
| Defendants. | |

Plaintiff Jeremy Guernsey ("Plaintiff") has filed a Motion for Attorneys' Fees regarding two discovery disputes he initiated. (Doc. 75).[1] The Court finds Plaintiff is entitled to sanctions under Federal Rule of Civil Procedure 37 as to the second dispute, but not the first. The Court therefore grants Plaintiff's Motion only in part.

**I.   Background**

Plaintiff is a former field service manager of Elko Wire Rope of Arizona ("Elko Arizona"), a company that manufactures, supplies, and repairs industrial rigging products and machinery for mines in the southwestern part of the United States. (Doc. 1–3 at ¶ 6). In May 2021, Plaintiff filed suit against Elko Arizona, Elko Wire Rope, Inc. ("Elko"), and Plaintiff's supervisor Neely Hammond ("Hammond") (collectively,

---

[1] The matter is fully briefed. Defendants filed a Response (Doc. 76) and the Court did not permit Plaintiff to file a reply brief. (Doc. 73). On March 22, 2023, Plaintiff filed a "Citation of Supplemental Authority in Support of Plaintiff's Motion for Attorney's Fees (Doc. 80) and on September 19, 2023, Plaintiff filed a "Second Citation of Supplemental Authority in Support of Motion for Attorneys' Fees" (Doc. 89). Both filings contain references to cases decided after briefing was concluded and reiterate established law and rules relevant to this case.

"Defendants") for wrongful termination, unpaid wages, and conversion. (Doc. 1-3).

In connection with his wrongful termination claim, Plaintiff sought punitive damages against the Defendants. On February 14, 2022, Plaintiff served Defendants with Requests for Production ("RFP") related to Defendants' assets. (Doc. 23). The RFPs sought, in part, tax returns from 2019 through 2021 from all three Defendants. In response, Defendants produced Elko and Elko Arizona's 2020 corporate tax returns but objected to producing Hammond's personal information on relevance and confidentiality grounds.

### A.    The First Discovery Dispute

On September 16, 2022, one day before the close of fact discovery, Plaintiff filed a "Notice of Discovery Dispute, and Non-Participation in Meet and Confer" ("First Notice") (Doc. 50).[2] Therein, Plaintiff represented he had repeatedly followed-up on the information requested in the RFPs but "[t]he only response ha[d] been a letter from Defendants' counsel dated August 18, 2022, stating that they will not provide the requested discovery." (*Id.* at 3). Plaintiff's counsel, Krista Robinson ("Ms. Robinson") also said that Defendants' counsel, Ms. Tracy Miller ("Ms. Miller"), told her she was too

---

[2] The Court's discovery dispute protocols states:

> The parties shall not file written discovery motions without leave of Court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall **jointly file** (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set an in-court hearing or telephonic conference, order written briefing, or decide the dispute without conference or briefing. If the Court desires supplemental briefing prior to a hearing, counsel will be notified by order of the Court. Any briefing ordered by the Court shall comply with LRCiv 7.2(j).
>
> Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

(Doc. 16 ¶ 6).

busy to participate in the required meet and confer, and thus did not include Defendants' position statement. (*Id.*)

Though not authorized under the Court's discovery dispute protocol, Defendants filed a Response to Plaintiff's First Notice, arguing (1) that Defendants had laid out their legal objections to the production of Ms. Hammond's financial information in a May 27, 2022, letter; (2) that Defendants had already agreed to produce Elko's 2021 tax returns, which had just been filed on September 15; and (3) that counsel's inability to participate in the joint filing was due to the fact that Plaintiff's counsel had waited until September 8, 2022, to notice six depositions before the close of discovery. (Doc. 52 at 1–2). Plaintiff then filed an unauthorized Reply to the First Notice. (Doc. 53).

The Court held a telephonic conference on the matter on September 20, 2022. (Doc. 54). During the conference, the Court admonished counsel for filing non-compliant briefs (Docs. 52; 53) in response to Plaintiff's First Notice and stated that the Court expected future compliance. (Doc. 62 at 4). She also noted that the substance of the correspondence attached to the briefing was unbecoming to both attorneys. (*Id.*) As to the substance of the dispute, the Court agreed with Defendants that the RFPs were overbroad in many respects. (*Id.*) Ms. Robinson in turn agreed to narrow the requests to "tax returns and information that show Defendant Hammonds' assets." (*Id.* at 8). The Court then directed Defendants to produce "the 2019 through 2021 income tax information" and any additional information that would reflect their assets. (Doc. 62 at 8–10). The Court gave Defendants fourteen days to produce the documents or notify the Court whether it could not do so within that timeframe, but informed the parties their fact discovery deadline would not otherwise be continued. (*Id.* at 9–10).

### B. The Second Discovery Dispute

On Saturday, October 15, 2022, Plaintiff filed a "Second Notice of Discovery Dispute and Non-Participation in Meet-and-Confer and Request for Leave to File Formal FRCP 37 Motion" ("Second Notice") (Doc. 58). Therein, Plaintiff stated that despite the Court's Order requiring Defendants to produce certain federal and state income tax

- 3 -

returns by October 4, 2022, "Defendants have failed to produce the requested discovery and have refused to participate in the drafting and submission of a joint notice of this ongoing discovery dispute." (Doc. 58 at 3). Plaintiff said Defendants had specifically failed to produce:

    A.    Federal and state income tax returns for 2019 for both Elko Defendants

    B.    Federal and state income tax returns for 2021 for both Elko Defendants, and for Neely Hammond

    C.    Separate balance sheets or lists of assets and properties owned for both Elko Defendants

(*Id.* at 4). Ms. Robinson represented that on October 7, she sent a letter to Defendants' counsel seeking the missing documents by October 11 at noon or else she would seek to bring the non-compliance to the Court's attention. (*Id.*) Ms. Robinson stated that as of October 15, Defendants had not produced the documents or participated in the joint notice of discovery dispute. (*Id.*)

The Court ordered Defendants to respond in writing. (Doc. 59). In their October 18, 2022, Response, Defendants represented they produced all of Hammond's tax returns and other financials on September 29 and that the requested 2021 returns had only become available a few days prior and had since been produced. (Doc. 60 at 1, 3). Ms. Miller also objected to the characterization that she had failed to meet and confer. She noted that Ms. Robinson's October 7 letter noting the deficiencies in Defendants' September 29 production was sent at 4:16 p.m. on a Friday. (*Id.* at 2–3). On Monday, October 10, Ms. Miller told Ms. Robinson that she was out of state on another matter and could not send documents. (*Id.* at 2). On Friday, October 14, Ms. Miller said she emailed Ms. Robinson to tell her that Defendants would respond to her requests for additional documents early the following week. (*Id.* at 2–3). Defendants said Plaintiff did not wait for this promised production and instead filed the Second Notice on Saturday morning, October 15. (*Id.* at 3). After receiving the Second Notice, Defendants' counsel told Ms. Robinson that "Defendants would produce the state returns even though there

was no additional information in them that was not in the federal returns, that they would produce the 2021 returns which were just filed (and filed after the October 4 deadline), and that they would separately list the assets which had already been disclosed on September 29." (*Id.* at 4).

Following Defendants' Response, the parties bombarded the Court with a rash of filings related to the dispute. For example, Plaintiff filed a non-conforming "Reply" to Defendants' Court-ordered Response (Doc. 65) and then Defendants moved to strike the Reply. (Doc. 67). Plaintiff, of course, filed a Response to the Motion to Strike (Doc. 69). Defendants also filed two Notices of Errata, seeking to clarify that their Response (Doc. 60) was a response to the Court's Order and not a response to the Notice of Discovery Dispute (Docs. 66; 68). The Court ordered the parties to cease all filings related to the discovery dispute and ultimately struck the Motion to Strike and Response during the hearing on the discovery dispute. (Doc. 73).

The Court held a hearing on the second discovery dispute on November 3, 2022. (Doc. 73). At the hearing, the parties informed the Court that all requested discovery had been produced. (*Id.*) Reflecting upon the record, the Court directed counsel "to discuss and share the docket of this matter with their respective firms and determine under their policies and procedures, whether their clients should be billed for the back and forth emails and filings." (*Id.*) The Court also granted Plaintiff's request to file a Motion under Rule 37.[3] (*Id.*)

## II.  Plaintiff's Motion

In his Motion, Plaintiff argues he is entitled to attorneys' fees and costs "as [the] prevailing party in prolonged discovery dispute." (Doc. 75 at 1, 9–10). He seeks sanctions in the form of attorneys' fees and costs dating back to September 11, 2022. (*Id.*) Plaintiff argues that it is undisputed that Defendants "did not produce all of the documents ordered by the Court until October 19, 2022," and they "**have never shown**

---

[3] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

**that (1)** the documents requested were not discoverable, **(2)** that it would be a hardship to produce them, **(3)** that they were not in possession of such documents, or **(4)** that such production was not proportional to the needs of the Plaintiff, or **(5)** that the Defendants needed more time to produce the documents." (*Id*. at 2–3). Plaintiff says he "had no choice" but to file his Second Notice as a result of Defendants' failure to make a complete production by October 4. (*Id.*) He also points out that there are three attorneys of record assigned to Defendants' case and though Ms. Miller was unavailable the week of October 10, the other two attorneys of record could have addressed the noted deficiencies in her absence. (*Id.* at 4).

Defendants respond by saying that they believed in good faith they had complied with the Court's Order in their production on September 29; Plaintiff failed to provide its statement to them before filing the Second Notice; and there are no aggravating factors justifying an award of sanctions. (Doc. 76 at 5–7).

Defendants first point out that on September 29, they produced Ms. Hammonds' "federal tax returns from 2019 through 2020, her application for an extension to file her 2021 tax return, her bank statements between 2020 through 2022, her life insurance policy, her 401(k) plan statements for 2022, and mortgage statements on commercial and personal properties in which she possesses ownership interest." (Doc. 76 at 2). They say they did not produce her state tax returns because the state returns did not contain any information that was not on the federal returns, because "Plaintiff had not stated that the state returns were also needed," and because they believed they were not necessary after Defendants had only produced the federal returns for Elko Defendants. (*Id.* at 2–3). Defendants say that "[t]he only document that was not timely produced was the 2019 tax returns from the Elko Defendants, and this was only an oversight (the 2020 returns had been produced months prior and Defendants' counsel believed the 2019 returns had been produced then as well)." (*Id.* at 3). Defendants also point out that Plaintiff took over a week to review their September 29 disclosure before sending the October 7 deficiency letter to Defendants' counsel Ms. Tracy Miller and Ricardo Bours. (*Id.*) They say that

- 6 -

upon Ms. Miller's return to the office on Friday, October 14, she informed Ms. Robinson that Defendants would respond and produce documents by early the following week, thereby taking approximately the same amount of time to respond to Ms. Robinson's requests as Plaintiff took to review Defendants' September 29 disclosures. (*Id.*) They also say that Ms. Robinson was on notice that Mr. Bours was out on paternity leave, and because Mr. Alejandro Perez, Defendants' third attorney of record, was not included on Ms. Robinson's October 7 letter, only Ms. Miller was on notice of the purported deficiencies. (*Id.*) Defendants further argue that Plaintiff failed to meet and confer in good faith prior to filing the Second Notice because he did not "provide his proposed statement of the discovery dispute for Defendants to review prior to filing the notice with the court." (*Id.*) Defendants say that to "avoid the dispute, they provided the state returns (including the 2020 state returns which were not requested), the 2021 return which had just been filed, and they reproduced the asset listing from the Elko Defendants' tax returns." (*Id.* at 3).

**III.   Discussion**

Plaintiff brings his Motion under Rule 37(a)(5)(A) and Rule 37(b)(2)(C). (Doc. 75 at 1).[4]  The Court will assess the bases of both grounds in turn.

**A.     Fees Associated with Plaintiff's First Notice of Discovery Dispute**

Plaintiff invokes Rule 37(a)(5)(A) as a basis for fees incurred in bringing his First Notice. Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted "the court must, after giving an opportunity to be heard," award "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court

---

[4] In the conclusion of his Motion, Plaintiff boldly states he "is entitled to relief for the Defendants' civil contempt of court, including, inter alia, his reasonable attorneys' fees . . ." (Doc. 75 at 5). The Court, however, has not found Defendants to be contempt of court, or that any sanctions are warranted. At the November 3, 2022, hearing, the parties informed the Court that all requested discovery had been produced and there was no longer a live discovery dispute. The Court then granted Plaintiff's request for leave to file a Rule 37 Motion. It did not state that Plaintiff was *entitled* to Rule 37 sanctions.

- 7 -

action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* The burden of establishing a substantial justification or special circumstances making an award unjust is on the party who opposed the motion to compel. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *see also RG Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL 4972626, at *3 (C.D. Cal. July 19, 2021). The substantial justification "standard is satisfied if there is a 'genuine dispute'. . . or 'if reasonable people could differ as to the appropriateness of the contested action.'" *RG Abrams Ins.*, 2021 WL 4972626, at *3 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1998)) (internal quotation marks omitted). "The district court has great latitude in imposing sanctions under" Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

The Court declines to award fees associated with bringing the First Notice. Defendants have sufficiently shown there was a good faith dispute regarding the scope of the documents requested in the RFPs at issue in the First Notice, and thus have provided substantial justification for their initial non-disclosure. *Hyde*, 24 F.3d at 1171 (stating that "a good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification'" to avoid a discovery sanction). Indeed, Plaintiff agreed to significantly narrow his requests request during the hearing on the First Notice. The Court therefore will not award attorneys fees associated with tasks preparing for or associated with the first discovery dispute.

**B.     Fees Associated with Plaintiff's Second Notice of Discovery Dispute**

Similar to Rule 37(a)(5)(A), Rule 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." The Rule provides for a variety of allowable sanctions, including "order[ing] the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

37(b)(2)(C). Here, the Court finds that Defendants have not sufficiently justified their non-compliance with the Court's September 20, 2022, Order requiring production of "the 2019 through 2021 income tax information" and any additional information reflecting Defendants' assets by October 4, 2022. (Doc. 62 at 8–10).

On September 29, 2022, Defendants made a production that focused on Ms. Hammond's tax returns and financials. The deficiencies in the production were brought to the attention of Ms. Miller and Mr. Bours in a letter from Ms. Robinson dated October 7; she asked for the disclosure to be supplemented by October 11 or for Defendants to provide their position statement for another notice of discovery dispute. (Doc. 58-2). The record shows that on October 10, Ms. Miller simply replied that she was out of town on another matter and said could not respond with documents. In their Response, Defendants say that Mr. Bours could also not respond because he was on paternity leave. But Defendants do not explain why they did not then seek leave from the Court for additional time to produce the documents, as they were plainly instructed to do in the Court's Order, or why Plaintiff's concerns were not brought to Mr. Perez, who was—and remains—a third counsel of record for Defendants. Defendants' other objections—that the state tax returns showed nothing the federal returns did not, and that their failure to produce the 2019 Elko returns was inadvertent—may have resonated with the Court had they been properly and timely voiced. But they were not, and Defendants have not sufficiently explained their failure to do so. The record also shows that Defendants did not ultimately produce all the documents responsive to the Court's Order until October 19, 2022. Although Plaintiff has not articulated how he was prejudiced by the late disclosure, it is undisputed that the disclosure was weeks overdue, and the Court questions whether Defendants would have made the supplemental production unless Plaintiff filed his Second Notice.

In sum, Defendants were not substantially justified in failing to timely produce the tax returns and financials required by the Court's September 20, 2022, Order and the circumstances do not make an award of reasonable expenses unjust. Some sanctions

related to Plaintiff's work in filing his Second Notice are therefore warranted. *See NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (stating that Rule 37 sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent"); *Wanderer v. Johnston*, 910 F.2d 652, 657 (9th Cir. 1990) (explaining that evasion of pretrial discovery is sanctionable conduct). The Court also finds that this sanction should be imposed jointly and severally against Defendants and Defendants' counsel. *See* Rule 37(b)(2) (stating that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . ."). Much of the fault regarding the failure to timely disclose these documents lies with Defendants' counsel—including counsels' failure to timely respond to queries from Plaintiff's counsel or seek assistance from the Court for additional time, and especially given that three attorneys have entered a notice of appearance on the Defendants' behalf.

## IV. Conclusion

The Court will not award attorneys' fees associated with tasks preparing for or associated with the First Notice but will with respect to the Second Notice. The parties are directed to confer in good faith to resolve any disputes concerning the amount of reasonable expenses and fees Plaintiff incurred associated with the Second Notice and his Rule 37 Motion. *See* LRCiv 54.2(d)(1). If the parties are unable to agree, Plaintiff may file a motion for reasonable attorneys' fees incurred as a result of Defendants' untimely disclosure of documents ordered to be produced in this Court's September 20, 2022, Order. Such motion should comply with the requirements of Local Rule 54.2(d).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (Doc. 75) is **granted in part and denied in part**.

**IT IS FURTHERED ORDERED** the parties shall meet and confer that in good faith to resolve any disputes concerning the amount of reasonable expenses and fees

Plaintiff incurred associated with the Second Notice and his Rule 37 Motion. If no agreement can be reached, Plaintiff shall file his Motion for Attorneys' Fees and Costs by **October 20, 2023**, in compliance with LRCiv 54.2(d).

Dated this 19th day of September, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge