**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Guernsey, | No. CV-21-00848-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Elko Wire Rope Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's "Motion to Vacate Order Granting Partial Summary Judgment on Count One" (Doc. 86), filed on September 18, 2023.  Invoking Federal Rule of Civil Procedure 54(b) and 59(e),[1] Plaintiff asks the Court to vacate its August 21, 2023, Order (Doc. 82) (the "August 21 Order") granting Defendants' Motion for Partial Summary Judgment on Plaintiff's claim for wrongful discharge and to reinstate the claim ("August 21 Order").  (*See* Doc. 86).  The Motion will be summarily denied.[2]

I.      **Legal Standards**

Plaintiff seeks vacation of the Court's August 21 Order under Rules 54(b) and 59(e). Rule 54(b) allows courts to revise "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the right and liabilities of fewer

---

[1] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

[2] The Court denies the Motion without briefing.  *See* LRCiv 7.2(g)(2) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response.").

than all the parties . . . before the entry of judgment . . . ."  Fed. R. Civ. P. 54(b).  Caselaw generally recognizes that a Rule 59(e) motion to alter or amend a judgment[3] may be granted in four circumstances: when necessary (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Rule 59(e) may not, however, "be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources") (internal quotation omitted); *Bollenbacher v. Comm'r of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008) (stating that a Rule 59(e) "motion is not a substitute for appeal and does not allow the unhappy litigant to reargue the case").

Motions for reconsideration should be granted only in rare circumstances.  *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  Indeed, Local Rule 7.2(g) provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g).

"Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." *Id.*  The good cause standard primarily considers the diligence of the party filing

---

[3] Though the Court granted partial summary judgment to Defendants on Plaintiff's wrongful discharge claim, Rule 54(b) judgment was not entered at that time. (Doc. 82 at 8).  Accordingly, no judgment has yet to be entered on the claim.

1  the untimely motion. *See Johnson v. Mammoth Recreation*, Inc., 975 F.2d 604, 609 (9th

2  Cir. 1992).

3  **II.     Discussion**

4          Plaintiff's Motion is both untimely and without merit and will be denied.

5          First, Plaintiff filed the Motion on September 19, 2023, which is more than 14 days

6  after the Court's August 21 Order.  The Motion is therefore untimely under Local Rule

7  7.2(g).  Plaintiff does not show good cause or otherwise provide any reason for the untimely

8  filing.

9          Second, even if the Court were to excuse Plaintiff's untimeliness, Plaintiff's Motion

10  is meritless because he fails to articulate any circumstance that would support vacating the

11  August 21 Order.  *See Herron*, 634 F.3d at 1111.  Plaintiff relies on the same facts and

12  arguments he made or could have made in his Response to the Motion for Summary

13  Judgment, which is not a valid reason for the Court to reconsider its August 21 Order.

14  (*Compare* Doc. 77 with Doc. 86).  *See* LRCiv 7.2(g)(1) ("No motion for reconsideration

15  of an Order may repeat any oral or written argument made by the movant in support of or

16  in opposition to the motion that resulted in the Order"); *Kona Enters., Inc*., 229 F.3d at 890

17  (A motion for reconsideration "may not be used to raise arguments or present evidence for

18  the first time when they could reasonably have been raised earlier in the litigation.").  A

19  mere  disagreement  with  the  August  21  Order  is  an  insufficient  basis  for

20  reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw.

21  1988).  Moreover, the recently decided California case law cited by Plaintiff is not

22  controlling law and does not change the Court's analysis of the Arizona statutes at issue in

23  this matter.  (*See* Doc. 86 at 7–8 citing *People ex rel. Garcia-Brower v. Kolla's, Inc.*, 529

24  P. 3d 49 (Cal. 2023)).

25  / / /

26  / / /

27  / / /

28  / / /

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Vacate Order Granting Partial Summary Judgment on Count One" (Doc. 86) is **denied**.

Dated this 18th day of September, 2023.

Honorable Diane J. Humetewa
United States District Judge